IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORSEY HUNT, | Civil No. 3:21-cv-55 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN ERIC BRADLEY, | |
| Respondent | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 6), filed by Petitioner Dorsey Hunt ("Hunt"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary, Canaan, in Waymart, Pennsylvania ("USP-Canaan"). Hunt seeks review of the BOP's decision to deny him release to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.*). The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

**I.   Background**

Hunt is serving an 84-month term of imprisonment for conspiracy to distribute more than 100 grams of heroin and more than 28 grams of cocaine base, imposed by the United States District Court for the District of Vermont. (Doc. 7-1, p. 1, Declaration of Erin Frymoyer ("Frymoyer Decl."), ¶ 3; *see also* Doc. 1, p. 1, Doc. 2, p. 19). His projected release date is July 13, 2023, *via* good conduct time. (Doc. 7-1, Frymoyer Decl. ¶ 3).

On May 25, 2020, Hunt filed Administrative Remedy Number 1022684-F1 with the Warden of USP-Canaan. (Doc. 7-1, p. 2, Declaration of Erin Frymoyer ("Frymoyer Declaration"), ¶ 5; Doc. 7-1, p. 5). On June 5, 2020, the Warden reviewed Hunt's request for compassionate release under the CARES Act. (Doc. 7-1, Frymoyer Declaration ¶ 5; Doc. 7-1, p. 6). The Warden informed Hunt that "[a]s a result of the COVID-19 pandemic, the Attorney General directed the BOP to place inmates who are at a minimal risk of recidivating in home confinement." (Doc. 7-1, p. 6). The Warden determined Hunt "to be ineligible for placement in Home Confinement" based on a Low recidivism risk Pattern score. (Doc. 7-1, p. 6). On July 6, 2020, Hunt appealed this decision. (*Id.* at p. 4). On August 20, 2020, the appeal was rejected because Hunt did not provide a copy of his BP-9, or a receipt, or a verified photocopy. (*Id.*). Hunt was informed that the photocopy of the BP-9 he provided was not acceptable. (*Id.*). He did not appeal the rejection to the Central Office.

## II. Discussion

Hunt challenges the denial of his pre-release placement *via* 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Respondent argues, *inter alia*, that the petition should be dismissed based on Hunt's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc.

7, pp. 3-7). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005). The system first requires that an inmate present their complaint to staff before filing a request for

Administrative Remedy, which staff shall attempt to informally resolve. (Doc. 7, p. 4, n. 2, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. (*Id.*, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. (*Id.*, citing 28 C.F.R. § 542.18). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at the Central Office within thirty calendar days from the date of the Regional Director's response. (*Id.*, citing 28 C.F.R. § 542.15(a)).

Hunt submitted a request for compassionate release on May 25, 2020. (Doc. 7-1, p. 5). On June 5, 2020, the Warden notified him that he was "ineligible for placement in Home Confinement" based on a Low recidivism risk Pattern score. (*Id.* at p. 6). On July 6, 2020, Hunt filed an appeal to the Regional Director. (*Id.* at p. 4). On August 20, 2020, the appeal was rejected. (*Id.*). Hunt failed to appeal this rejection to the Central Office. Hunt does not dispute this failure to exhaust. Instead, he asks this Court to excuse his failure to exhaust based on futility, irreparable harm, and his belief that exhaustion is not required. (Doc. 9, pp. 2-7; Doc. 10-1, pp. 2-6). However, courts within the Third Circuit have consistently recognized that a petitioner challenging the fact, duration, or execution of his sentence—including a request for release to home confinement—must first demonstrate that he has

fully exhausted his available administrative remedies. *See, e.g., Gottstein v. Finley*, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020) (dismissing without prejudice for his failure to exhaust his administrative remedies petitioner's habeas petition requesting immediate release to home confinement under the CARES Act); *Cordaro v. Finley*, 2020 WL 2084960, at *5 (M.D. Pa. Apr. 3, 2020) (dismissing without prejudice petitioner's habeas petition for his failure to exhaust his administrative remedies after his request for home confinement under the CARES Act was denied by respondent); *Chaparro v. Ortiz*, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (dismissing for failure to exhaust administrative remedies habeas petition requesting release to home confinement under the CARES Act); *Furando v. Ortiz*, 2020 WL 1922357 (D.N.J. Apr. 21, 2020) (dismissing without prejudice habeas petition seeking immediate release to home confinement under the CARES Act due to his failure to exhaust his BOP administrative remedies). Despite being aware of the BOP's exhaustion requirements, Hunt failed to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance, and any delays in processing an appeal, do not render the administrative review process unavailable or futile. Hunt fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not advanced a plausible argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Consequently, the petition will be dismissed for failure to exhaust administrative remedies.

To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Hunt to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 21, 2021